MCGREGOR W. SCOTT
United States Attorney
JESSICA A. MASSEY
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>      v.<br><br>EUGENE DAJOHN MARSHALL<br><br>              Defendant. | CASE NO. 1:19-CR-00251-DAD-BAM<br><br>JOINT STATUS REPORT AND STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER<br><br>CURRENT DATE: October 28, 2020<br>TIME: 1:00 p.m.<br>COURT: Hon. Barbara A. McAuliffe |

**STATUS REPORT**

Defendant EUGENE DAJOHN MARSHALL ("defendant") was arraigned on the indictment on December 10, 2019 (Doc. No. 5), and was detained as a danger on December 11, 2019 (Doc. Nos. 7 & 8). The defendant filed a motion for bail review on March 18, 2020 (Doc. No. 14) and the government filed its opposition on March 24, 2020. Doc. No. 19. After a bail review hearing on March 25, 2020, the Hon. Stanley A. Boone denied the defendant's motion. Doc. Nos. 20 & 21. The defendant remains detained. Attorney Miles A. Harris was substituted for prior counsel on May 6, 2020. Doc. Nos. 26 & 27. Counsel have had frequent discussions regarding a possible resolution to this matter and are eager to move forward.

**STIPULATION**

This case is set for status conference on October 28, 2020. On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California until further

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1

notice, and allows district judges to continue all criminal matters. This and previous General Orders were entered to address public health concerns related to COVID-19.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001, terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following

case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). [1] If continued, this Court should designate a new date for the status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant EUGENE DAJOHN MARSHALL, by and through defendant's counsel of record, Miles A. Harris, hereby stipulate as follows:

1. By previous order, this matter was set for status on October 28, 2020.

2. By this stipulation, defendant now moves to continue the status conference until November 23, 2020, and to exclude time between October 28, 2020, and November 23, 2020, under Local Code T4.

3. While the parties anticipate that the case may resolve without a trial, this is not yet a certainty. If defendant ultimately does not enter a guilty plea and decides to proceed to trial, the parties agree and stipulate, and request that the Court find the following:

   a) The government asserts the discovery associated with this case includes reports, photographs, and numerous recordings; discovery has been provided to Attorney Harris and/or made available for review.

   b) The government has provided a plea offer to the defendant through Attorney Harris.

   c) Counsel for defendant desires additional time to consult with his client, to review the current charges, to conduct investigation and research related to the charges, to review and/or copy discovery for this matter, to discuss potential resolutions with his client, to prepare pretrial motions, and to otherwise prepare for trial.

   d) Counsel for defendant believes that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

account the exercise of due diligence.

        e)        The government does not object to the continuance.

        f)        Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

        g)        For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of October 28, 2020 to November 23, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4], because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.        Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

| | |
|---|---|
| Dated: October 26, 2020 | MCGREGOR W. SCOTT<br>United States Attorney |
| | /s/ JESSICA A. MASSEY<br>JESSICA A. MASSEY<br>Assistant United States Attorney |
| Dated: October 26, 2020 | /s/ MILES A. HARRIS<br>MILES A. HARRIS Counsel for Defendant EUGENE DAJOHN MARSHALL |

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

4

## **ORDER**

IT IS SO ORDERED that the Status Conference is continued from October 28, 2020 to **November 23, 2020, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe**. Time is excluded pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv).

IT IS SO ORDERED.

Dated:   **October 26, 2020**            /s/ *Barbara A. McAuliffe*
                                   UNITED STATES MAGISTRATE JUDGE

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

5