1 McGREGOR W. SCOTT
United States Attorney
2 JESSICA A. MASSEY
Assistant United States Attorney
3 2500 Tulare Street, Suite 4401
Fresno, CA 93721
4 Telephone: (559) 497-4000
Facsimile: (559) 497-4099
5

6 Attorneys for Plaintiff
United States of America
7

8
IN THE UNITED STATES DISTRICT COURT
9
EASTERN DISTRICT OF CALIFORNIA
10

11 UNITED STATES OF AMERICA,                 CASE NO.  1:19-CR-00251-DAD-BAM

12                              Plaintiff,   JOINT STATUS REPORT AND STIPULATION
                                             REGARDING EXCLUDABLE TIME PERIODS
13                    v.                      UNDER SPEEDY TRIAL ACT; AND ORDER

14 EUGENE DAJOHN MARSHALL                    CURRENT DATE: January 27, 2021
                                             TIME: 1:00 p.m.
15                              Defendant.   COURT: Hon. Barbara A. McAuliffe

16

17                            **STATUS REPORT**

18       Defendant EUGENE DAJOHN MARSHALL ("defendant") was arraigned on the indictment on

19 December 10, 2019 (Doc. No. 5), and was detained as a danger on December 11, 2019 (Doc. Nos. 7 &

20 8).  The defendant filed a motion for bail review on March 18, 2020 (Doc. No. 14) and the government

21 filed its opposition on March 24, 2020.  Doc. No. 19.  After a bail review hearing on March 25, 2020,

22 the Hon. Stanley A. Boone denied the defendant's motion.  Doc. Nos. 20 & 21. The defendant remains

23 detained.  Attorney Miles A. Harris was substituted for prior counsel on May 6, 2020.  Doc. 26, 27.

24       Counsel have had frequent discussions regarding a possible resolution to this matter and are

25 eager to move forward.  The parties have employed extensive efforts to sort out the correct criminal

26 history of Mr. Marshall as it pertains to appropriate charging in this case.  This has required ordering and

27 review of prior court transcripts and minute orders.  The parties are engaged in ongoing discussions with

28 the Fresno County District Attorney's Office to sort out what may have been be a prior reduction of

STIPULATION REGARDING EXCLUDABLE TIME           1
PERIODS UNDER SPEEDY TRIAL ACT

1  charges included as part of Mr. Marshall's prior state case.  The resolution of this issue will determine if

2  the current federal charge should be superseded by the government.

3  **STIPULATION**

4  This case is set for status conference on December 9, 2020.  On May 13, 2020, this Court issued

5  General Order 618, which suspends all jury trials in the Eastern District of California until further

6  notice, and allows district judges to continue all criminal matters.  This and previous General Orders

7  were entered to address public health concerns related to COVID-19.

8  Although the General Orders address the district-wide health concern, the Supreme Court has

9  emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

10  openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

11  *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no

12  exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at

13  509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

14  judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally

15  or in writing").

16  Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

17  and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation.  Ends-of-

18  justice continuances are excludable only if "the judge granted such continuance on the basis of his

19  findings that the ends of justice served by taking such action outweigh the best interest of the public and

20  the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable

21  unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that

22  the ends of justice served by the granting of such continuance outweigh the best interests of the public

23  and the defendant in a speedy trial."  *Id.*

24  The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code

25  T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics,

26  natural disasters, or other emergencies, this Court has discretion to order a continuance in such

27  circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance

28  following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

2

1    recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United*

2    *States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the

3    September 11, 2001, terrorist attacks and the resultant public emergency).  The coronavirus is posing a

4    similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

5         In light of the societal context created by the foregoing, this Court should consider the following

6    case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

7    justice exception, § 3161(h)(7) (Local Code T4). [1]  If continued, this Court should designate a new date

8    for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any

9    pretrial continuance must be "specifically limited in time").

10                                    **STIPULATION**

11        Plaintiff United States of America, by and through its counsel of record, and defendant EUGENE

12   DAJOHN MARSHALL, by and through defendant's counsel of record, Miles A. Harris, hereby

13   stipulate as follows:

14        1.        By previous order, this matter was set for status on January 27, 2021.

15        2.        By this stipulation, defendant now moves to continue the status conference until March

16   24, 2021, and to exclude time between January 27, 2021, and March 24, 2021, under Local Code T4.

17        3.        While the parties anticipate that the case may resolve without a trial, this is not yet a

18   certainty.  If defendant ultimately does not enter a guilty plea and decides to proceed to trial, the parties

19   agree and stipulate, and request that the Court find the following:

20             a)        The government asserts the discovery associated with this case includes reports,

21        photographs, and numerous recordings; discovery has been provided to Attorney Harris and/or

22        made available for review.

23             b)        The government has provided a plea offer to the defendant through Attorney

24        Harris.

25             c)        Counsel for defendant desires additional time to consult with his client, to review

26        the current charges, to conduct investigation and research related to the charges, to review and/or

27

28   _____
     [1] The parties note that General Order 612 acknowledges that a district judge may make
     "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D.
     Cal. March 18, 2020).

STIPULATION REGARDING EXCLUDABLE TIME          3
PERIODS UNDER SPEEDY TRIAL ACT

1    copy discovery for this matter, to discuss potential resolutions with his client, to prepare pretrial

2    motions, and to otherwise prepare for trial.

3            d)      Counsel for defendant believes that failure to grant the above-requested

4    continuance would deny them the reasonable time necessary for effective preparation, taking into

5    account the exercise of due diligence.

6            e)      The government does not object to the continuance.

7            f)      Based on the above-stated findings, the ends of justice served by continuing the

8    case as requested outweigh the interest of the public and the defendant in a trial within the

9    original date prescribed by the Speedy Trial Act.

10           g)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

11   et seq., within which trial must commence, the time period of January 27, 2021 to March 24,

12   2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code

13   T4], because it results from a continuance granted by the Court at defendant's request on the

14   basis of the Court's finding that the ends of justice served by taking such action outweigh the

15   best interest of the public and the defendant in a speedy trial.

16   4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the

17   Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

18   must commence.

19

20           IT IS SO STIPULATED.

21

22    Dated:  January 21, 2021                         MCGREGOR W. SCOTT
                                                       United States Attorney

23                                                     /s/ JESSICA A. MASSEY
                                                       JESSICA A. MASSEY
24                                                     Assistant United States Attorney

25

26                                                     /s/ MILES A. HARRIS
      Dated: January 21, 2021                          MILES A. HARRIS Counsel for
27                                                     Defendant EUGENE DAJOHN
                                                       MARSHALL
28

STIPULATION REGARDING EXCLUDABLE TIME                    4
PERIODS UNDER SPEEDY TRIAL ACT

**ORDER**

1

2        IT IS SO ORDERED that the status conference is continued from January 27, 2021, to **March 24,**

3    **2021, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe**.  Time is excluded pursuant to 18

4    U.S.C.§ 3161(h)(7)(A), B(iv).

5    IT IS SO ORDERED.

6

         Dated:    **January 21, 2021**              /s/ *Barbara A. McAuliffe*       _

7                                                       UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION REGARDING EXCLUDABLE TIME                    5
PERIODS UNDER SPEEDY TRIAL ACT